# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| | ) Case No. 1:07CR00056 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| | ) |
| **KIMBERLY ANN HANVEY**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Kimberly Ann Hanvey, Pro Se.*

Defendant Kimberly Ann Hanvey has submitted a letter that I construe as a Motion for Reduction of Sentence. Upon review of the record, I find that the motion must be denied.

Hanvey was sentenced on April 14, 2008, to 63 months imprisonment, and she is currently serving that sentence. She says that before this offense, she had always been a law abiding citizen, and she believes that her sentence is longer than it should be.[1] She says that her attorney promised to move for a reduction of sentence in six

---

[1] Hanvey does not assert that her sentence was erroneously calculated in any way. If she believes that some legal or constitutional error occurred that led to her conviction or her sentence, she may raise such a challenge by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). However, she is advised that, pursuant to her written plea agreement, she waived the right to bring certain types of claims under § 2255.

to nine months after sentencing. Since then, Hanvey has been unable to contact her former attorney, and no motion has been filed seeking reduction of her sentence until now. She asserts that the attorney has thus violated her constitutional right to effective counsel.

A federal judgment of conviction once imposed is final and may not be changed except in these limited circumstances: (1) pursuant to a motion by the Director of the Bureau of Prisons asking that the defendant's sentence be reduced for extraordinary reasons or because an applicable sentencing guideline has been retroactively reduced; (2) pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) after an appeal if the sentence is outside the sentencing guideline range. *See* 18 U.S.C.A. § 3582(c) (West 2000 & Supp. 2008). Rule 35(a) allows the court, within seven days from imposition of the sentence, to "correct a sentence that resulted from arithmetical, technical, or other clear error" and Rule 35(b) allows a reduction in response to a motion by the government seeking reduction of the defendant's sentence based on substantial assistance.[2]

---

[2] The advisory committee that formulated Rule 35(a) made it clear that this provision was not intended to allow sentence modifications for just any reason:

> The authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . The subdivision is not intended to afford the court the opportunity . . . simply to change its

-2-

Case 1:07-cr-00056-JPJ-PMS   Document 33   Filed 05/02/09   Page 2 of 3   Pageid#: 63

Hanvey does not state facts indicating that any of these circumstances authorizing a sentence reduction is present in her case. Therefore, she fails to demonstrate that she is entitled to any sentence reduction, and counsel did not deprive her of any rights by not filing such a motion. Moreover, it is clear from the record that she received a sentence within the guideline range authorized for her offense conduct. In any event, I have no authority to reopen her sentence at this time based on the information she has provided. Absent one of the circumstances outlined above, the sentence is final.

For the stated reasons, it is **ORDERED** that the defendant's motion (Dkt. No. 32) is DENIED.

ENTER: May 2, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35(c) advisory committee notes, 1991 amendment (discussing former Rule 35(c), now Rule 35(a)); *United States v. El-Silimy*, 417 F. Supp. 2d 75, 78 (D. Me. 2006).